**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **AMRIT MOHAN THOMPSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 02-CV-0628-CVE-SAJ |
| | ) |
| **STEVEN BECK, Warden,** | ) |
| | ) |
| Respondents. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court for consideration is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent has filed a response to the petition and provided the state court record and trial transcripts necessary for review of the issues raised by Petitioner (Dkt. #s 4,5). Petitioner has not filed a reply to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

Petitioner Amrit Thompson was a passenger in the front seat of an automobile driven by Philip Morgan in the early morning hours of March 28, 1999. While at the intersection of 36th Street North and North Peoria Avenue, in Tulsa, Oklahoma, gunshots were fired from Mr. Morgan's car at another automobile driven by Chris Cortez. Mr. Cortez died from gunshot wounds to the head. A passenger in the back seat of Cortez' car, Vincent Brown, also suffered gunshot wounds, but recovered. A second passenger, Lovest Lesley, jumped from the car and escaped injury. Police investigators determined that the shots came from two different weapons fired out of the passenger side of Phillip Morgan's vehicle. Petitioner was the only passenger in the front seat of Mr. Morgan's

car, and his co-defendant, Jonton Hawkins, was the passenger in the back seat.

Petitioner was charged in Tulsa County District Court Case No. CF-99-1593 with one count of First Degree Malice Aforethought Murder and two counts of Shooting with Intent to Kill. At the conclusion of a jury trial, Petitioner was found guilty as charged. The jury recommended a sentence of life imprisonment without the possibility of parole on the murder conviction and ten years imprisonment on each of the other counts. The trial court judge sentenced Petitioner in accordance with the jury's recommendation. Petitioner appealed his judgment and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), raising four issues:

| | |
|---|---|
| Proposition I: | The trial court denied the defendant due process by failing to instruct on lesser included offenses of malice murder. |
| Proposition II: | The trial court's refusal to give an accomplice instruction denied the defendant due process guaranteed by the state and federal constitutions. |
| Proposition III: | The State failed to prove an intent to kill Lorenzo Brown[1] or Lovest Lesley, thus Counts II and III for shooting with intent to kill must be reversed and dismissed. |
| Proposition IV: | The State failed to prove an intent to kill Chris Cortez, thus the conviction for Count I, First Degree Malice Murder, must be reversed. |

(Dkt. # 4, Ex. A). On September 5, 2001, the OCCA entered its unpublished opinion affirming the Judgment and Sentence of the trial court. (Dkt. # 4, Ex. C). Petitioner did not seek post-conviction relief in the state courts.

On August 9, 2002, Petitioner filed his petition for habeas corpus relief in this Court (Dkt. # 1) seeking relief on three grounds, as follows:

---

[1] The full name of the victim in Count II is Vincent Lorenzo Brown, Jr. See Dkt. # 4, Ex. A at 21.

2

Ground 1: Due process violated by court's failure to instruct on lessor included offenses. Okla. Const. Art. 2 § 7; 14th Amend. U.S.

Ground 2: Trial Court refused accomplice instruction violating State and Federal Constitutions. Okla. Const. Art. 2 § 20; 6th and 14th Amend. U.S. Const.

Ground 3: State has failed to prove intent to kill, therefore Counts II and III of shooting with intent to kill must be reversed and dismissed and Count I reversed and remanded with dismissal instruction.

## *ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. The Court agrees. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420, 120 S.Ct. 1479 (2000).

**B.      Claims Adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).

After careful review of Petitioner's claims and the exhibits provided by Respondent in support of the Response, the Court finds that Petitioner raised his claims through the appeals process

3

in state courts. The OCCA considered, but rejected, such claims. See Dkt. # 4, Ex. C. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding or not precluded, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

### *1. Failure to instruct on lesser included offense (ground one)*

In his first proposition of error, Petitioner argues that the trial court erred in refusing to instruct the jury on the lesser included offense of second degree depraved mind murder and/or manslaughter. In rejecting Petitioner's claim on direct appeal, the OCCA concluded that,"A review of the evidence shows neither instruction was necessary." (Dkt. # 4, Ex. A at 3).

Where a habeas petitioner challenges the state trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error. "[E]rrors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir.1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir.1995). Further, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)). After reviewing the record in this case, the Court finds that Petitioner has failed to demonstrate that the trial court's refusal to give jury instructions for lesser included offenses was so fundamentally unfair as to deprive him of a fair trial and due process of law.

In addition, the Tenth Circuit Court of Appeals has held that the failure of a state court to

4

instruct on a lesser included offense in a noncapital case never raises a federal constitutional question. Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993). Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). For that reason alone, habeas corpus relief on Petitioner's challenge to the omitted lesser included offense jury instruction should be denied. The Court further finds that the OCCA's decision regarding this issue was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254 (d)(1). Accordingly, habeas relief shall be denied on Petitioner's ground one claim that his constitutional rights were violated because the trial court failed to give jury instructions on lesser included offenses.

### 2. *Failure to give accomplice instruction (ground two)*

In his second proposition of error Petitioner asserts that the trial court failed to instruct the jury that, under state law, corroboration of accomplice testimony is required. See Dkt. # 1 at 6A. At trial, Philip Morgan testified that Petitioner was the front seat passenger and that the car window was down when he heard gunshots. On direct appeal, Petitioner argued that the trial court erred in failing to instruct, as had been requested by Petitioner's trial counsel, that accomplice testimony must be corroborated. The OCCA found that the trial judge erred in not giving an accomplice instruction but the error was harmless because there was sufficient corroborating testimony and overwhelming evidence of guilt. See Dkt. # 4, Ex. C at 7.

As noted above, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law. Tyler v. Nelson, 163 F.3d 1222, 1227 (10th Cir.1999) (citations and quotations omitted). Petitioner argues, by reference to his direct appeal brief, that the "trial judge had the duty to inform the jury that either it should consider whether he [Phillip Morgan] was an accomplice, or that as a matter of law he was an accomplice and his testimony must be corroborated to be believed." See Dkt. #1 at 6, referencing pages 18-21 of direct appeal brief found at Dkt. # 4, Ex. A. In order to be entitled to habeas relief, however, he must go further and show that the failure to give an accomplice instruction, under the circumstances of his case, resulted in a "serious miscarriage of justice." Nickerson v. Lee, 971 F.2d 1125, 1138 (4th Cir.1992) (quotation omitted), *abrogation on other grounds recognized*, Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.1995).

Further, the Constitution does not prohibit convictions based primarily on accomplice testimony. See Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995) (citing Takacs v. Engle, 768 F.2d 122, 127 (6th Cir. 1985) ("The Constitution says nothing about accomplice testimony."); Harrington v. Nix, 983 F.2d 872, 874 (8th Cir.1993) ("[S]tate laws requiring corroboration do not implicate constitutional concerns that can be addressed on habeas review."); Llewellyn v. Stynchcombe, 609 F.2d 194, 196 (5th Cir.1980) (state law requiring independent corroboration of accomplice testimony not controlling on collateral review by federal court)). In the habeas context, Petitioner's burden in attacking his conviction and sentence based on an erroneous omission of an accomplice jury instruction is heavy because such instruction is not constitutionally mandated. Foster v. Ward, 182 F.3d 1177, 1193 (10th Cir. 1999). In this case, Petitioner has failed to establish

that the failure to instruct the jury about consideration of accomplice testimony had "the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial" or resulted in a "serious miscarriage of justice." Id.; see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995).

Petitioner's request for habeas corpus relief on this issue shall be denied.

### 3. *Insufficient evidence regarding intent element (ground three)*

As his third proposition of error, Petitioner argues that the State failed to produce sufficient evidence for a finding of guilt of murder in the first degree on Count I or for a finding of guilt on Counts II and III, shooting with intent to kill. See Dkt. # 1 at 7. Specifically, Petitioner asserts that the evidence was insufficient to prove beyond a reasonable doubt that he had the requisite intent to kill any of the parties in Chris Cortez' vehicle. On direct appeal, the OCCA rejected this claim, finding that:

> Contrary to Thompson's characterization of the evidence, all the testimony suggests that Thompson and Hawkins intended to take the lives of Cortez, Brown and Lesley. This conclusion also resolves Propositions III and IV, which claim the State failed to prove intent to kill Brown, Lesley or Cortez. All three propositions are denied.
>
> Intent to kill may be proved through circumstantial evidence, which must rule out every reasonable hypothesis other than guilt. Witnesses identified Thompson and Hawkins as members of the Blood gang, and testimony showed the defendants believed the victims to be Crips. Before shooting at the Impala, Thompson and Hawkins had discussed killing some Crips and going hunting for Crips that night, and Thompson knew Hawkins was excited about it. Thompson and Hawkins were each armed with semiautomatic weapons. As they spotted the Impala both men held their guns out of their open windows, pointing at the people in the Impala, and began shooting. They continued shooting as the Stratus passed the Impala and drove off: bullet trajectories showed the shots were initially fired from slightly behind the Impala, continued alongside, and finished with the guns fired from the front of the car, aiming toward the back. We reject Thompson's suggestion that the pattern of shots shows a lack of intent to kill. The SKS and .380 were fired into the sides, doors, and windows of the Impala, with potentially fatal consequences for all three passengers. A shot from Thompson's .380, of course, hit Cortez in the head and killed him. The fact that shots from Hawkin's SKS hit the Impala's sides does not support the conclusion that Hawkins was not trying to kill the Impala's occupants.

> In claiming he lacked intent to kill, Thompson primarily argues the evidence failed to show he or Hawkins had any intent to kill Cortez, Brown, or Lesley in particular. He relied on a remark made by the trial court, "Which one of the people did they mean to kill? Well, we really don't know that." [Tr. III at 521] Immediately before that statement the trial court had noted that, based on the evidence, there was no doubt the defendants intended to kill a particular person in the Impala. The quoted comment does not support Thompson's claim that he had no intent to kill the victims here. Thompson cites no case suggesting that malice murder requires that a defendant who shoots at several people must identify each separately . . . . The evidence here shows Thompson and Hawkins shot at the Impala intending to kill all the passengers. The fact that only one died, and one escaped injury completely, does not negate the shooters' intent to kill.

(Dkt. # 4, Ex. C at 4-6) (footnote and citations omitted).

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332

(10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Oklahoma law provides the substantive elements of first degree murder (Count I) and shooting with intent to kill (Counts II and III) applicable to the sufficiency of the evidence standard. Spears, 343 F.3d at 1238; see also Jackson, 443 U.S. at 324 n. 16. In relevant part, the Oklahoma first-degree murder statute provides:

> A person commits murder in the first degree when he unlawfully and with malice aforethought causes the death of another human being. Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof.

Okla. Stat. tit. 21, § 701.7A. The elements of the crime of shooting with intent to kill are:

| First: | Intentional and wrongful |
| Second: | Shooting another person |
| Third: | With the intent to take a human life. |

See Petitioner's brief on appeal before the OCCA at Dkt. # 4, Ex. A at 22. In assessing intent on sufficiency of the evidence review, the Court recognizes,

> [f]irst, a jury is permitted to draw inferences of subjective intent from a defendant's objective acts. Thus, even when a defendant . . . denies having the requisite intent, a jury may disbelieve the defendant if [the defendant's] words and acts in the light of all the circumstances make [the defendant's] explanation seem improbable. Second, a jury is permitted to find that a defendant intends those consequences which he announces a desire to accomplish.

Wingfield, 122 F.3d at 1333 (quotation and citations omitted); see also Spears, 343 F.3d at 1238; Torres v. Mullin , 317 F.3d 1145, 1153 (10th Cir. 2003).

After viewing the evidence presented at trial in the light most favorable to the prosecution, the Court finds that the jury could reasonably have found proof of guilt beyond a reasonable doubt that Petitioner possessed the requisite intent for First Degree Murder and for Shooting with Intent to Kill. Although Petitioner denies that he had any intent to kill Chris Cortez or the passengers in Cortez' car, the jury was provided considerable evidence of Petitioner's acts in light of all the circumstances which would make his denial seem improbable. Wingfield, 122 F. 3d at 1333. Factual support for the finding of intent is found in the OCCA's decision quoted above which shall be presumed to be correct absent clear and convincing rebuttal evidence by Petitioner. 28 U.S.C. § 2254(e)(1). Petitioner has not provided such evidence. The OCCA reviewed the evidence presented to the jury by the prosecution and found it to be sufficient. The OCCA's ruling was not an unreasonable application of Jackson, nor was it an unreasonable determination of the facts in light of the evidence presented. Thus, Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on a challenge to the sufficiency of the evidence shall be denied.

**C.     State claims not cognizable**

Insofar as Petitioner asserts that errors of the trial court violated his rights under the Oklahoma Constitution, the claims are not cognizable in this habeas corpus proceeding. Federal Court habeas review is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991).

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**IT IS SO ORDERED** this 6th day of October, 2005

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT